## PIPER v. SHEDD and others.[1]

*(Circuit Court, N. D. Illinois. November 9, 1885.)*

1. PATENTS FOR INVENTIONS—MACHINES FOR MOWING UNDER WATER.

Letters patent No. 154,900, of September 8, 1874, to Thomas Piper, for improvement in floating mowing-machines, are valid; but the claims are narrow, and cover the combination of elements shown, or known equivalents therefor.

2. SAME—EQUIVALENTS—INFRINGEMENT.

The patent described and claimed the combination, with a boat, of the ordinary cutting device of a mowing-machine, whereby grass and weeds could be cut below the surface of the water; the reciprocation of the sickle being effected through a vertical, vibrating lever, pivoted near its center, and connected at one end to the sickle, and at the other to machinery on the boat. Defendants employed the same devices, except that they communicated motion to their sickle by means of a vertical, revolving shaft, having a short crank connected to the sickle. *Held* that, as this shaft and crank performed the same function as complainant's lever, and no other, and was a known equivalent, the charge of infringement was fully sustained.

3. SAME—PIPER'S INVENTION STATED.

The problem solved by the patentee was the adapting of the ordinary cutting apparatus of a mowing-machine to the use of cutting weeds and grass under water, by suspending such cutting apparatus from a boat, and imparting motion to the cutter from machinery on the boat; and its solution required more than mechanical skill.

4. SAME—ANTICIPATION.

This patent not anticipated by devices for dragging scythe-blades under water at the stern of a boat; by a device for cutting weeds along-side of a railroad track, consisting of the cutting apparatus of an ordinary mowing-machine extended from the side of a car or truck: nor by pile-cutters having circular or reciprocating saws, working under water from motion imparted to them by machinery above the water through shafts or levers.

In Equity.

*Coburn & Thacher,* for complainant.

*Munday, Evarts & Adcock* and *W. B. Gibbs,* for defendants.

BLODGETT, J. By this bill the defendants are charged with infringement of a patent granted to the complainant on September 8, 1874, for an "improvement in floating mowing-machines." The patentee in his specifications describes the scope and purpose of his machine as follows:

"This invention relates to a mowing-machine for cutting water plants, and clearing weeds and grass from the water; useful for clearing the water for

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

ice-making purposes, and for freeing ornamental lakes and bodies of water in parks of unsightly weeds. The machine is chiefly intended to be used for clearing the water of weeds for the purpose of making ice."

The leading feature and characteristic of the device consists in suspending the common cutting apparatus of a mowing machine from the side of a boat, to such a depth below the surface of the water as shall be necessary, and actuating this cutting apparatus by means of machinery placed upon the boat, so that, as the boat progresses through the water, the sickle cuts the grass and weeds substantially in the same manner that the grass is cut by the ordinary mowing-machine. By means of two dependent standards, P, P, the cutting device is suspended in the water, and the depth which these standards shall reach in the water is regulated by a pivot at the point where the frame of the machine is fastened to the boat. A vertical lever, J, pivoted at or near its center, reaches to the sickle, and is connected therewith, and a reciprocating motion being given to this lever by machinery on the boat, the same motion is transmitted to the sickle. The claims are:

"(1) The sickle, L, sickle-bar, M, lever, J, the dependent standards, P, P, and the boat, A, combined and operating as specified. (2) The frame-work, B, pivoted at b to the boat, A, the dependent standards, P, P, and sickle-bar, M, combined as specified, for raising and lowering the sickle."

The defenses set up are non-infringement, and that the patent is void for want of novelty.

The machine used by the defendants shows the same cutting apparatus as that used by the complainant; that is, both have adopted this same old and well-known sickle-bar and reciprocating sickle used in mowing-machines; but the defendants, instead of communicating motion to their sickle by a vibrating lever like that shown in the defendants' machine, use a vertical revolving shaft with a short crank upon the lower end, and this crank being connected with the sickle, gives it the desired vibratory motion.

The complainant does not claim to have invented the sickle or cutting apparatus, but only claims to have arranged and adapted it to cut weeds and grass under water, and this he does by combining the old cutting device of a mowing-machine with a boat to float upon the water, and transmitting motion to the cutter by means of his vibrating lever, J. The defendants have substituted their vertical crank-shaft, for the complainant's lever, J. This shaft performs the same function as the complainant's lever, and no other, and is a known equivalent for the lever; so it seems to me the difference is only colorable, and I am of opinion that the charge of infringement is fully sustained.

In support of the allegation of want of novelty defendants have put in evidence several old patents for sawing off piles under water; the patent of J. Hinds, of September 5, 1840, and the patent of Peter J. Stone, of August 2, 1870, for cutting grass under water; and the pat-

ent to J. S. Boicourt, of December 17, 1867, for cutting weeds along-side of railroad tracks. The Hinds and Stone patents show devices for dragging common scythe-blades under water at the stern of a boat, while the Boicourt patent is an adaptation of the ordinary mowing-machine to the work of cutting grass or weeds along-side of a railroad track by means of a sickle-bar extending from the side of a car or truck. The pile-cutting machine shows circular or reciprocating saws working under water from motion imparted to them by machinery above the water through shafts or levers. The problem which the complainant seems to have solved by his device was to adapt the ordinary cutting apparatus of a mowing-machine to the use of cutting weeds and grass under water, where the water or mud was too deep to allow of the use of the ordinary farm mower, by suspend-ing the cutter in the water from the deck of a boat, and imparting motion to the cutter from machinery on the boat. No new thing was invented to do this work, but a combination of old elements was made which produced the desired result.

The patent is narrow, and covers the combination of elements shown, or known equivalents therefor. It does not seem to me that the older devices shown in the proof anticipated this combination, or that the complainant's device can be said to be a new use of an old machine. It seems to me to have required more than mechanical skill to combine a mowing-machine with a boat in such a way as to make it operate successfully for mowing under water.

The defendants are therefore found to infringe, as charged by the bill, and a reference to a master to compute damages will be made.